Apple Bank for Sav. v Prime Rok Real Estate LLC

2026 NY Slip Op 03057

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Apple Bank for Savings, Plaintiff-Respondent,

v

Prime Rok Real Estate LLC, et al., Defendants-Appellants, Stern Tannenbaum & Bell LLP, Defendant.

Decided and Entered: May 14, 2026

Index No. 653140/23|Appeal No. 6640|Case No. 2025-01642|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Castro Law Group PLLC, New York (Claude Castro of counsel), for appellants.

Tarter Krinsky & Drogin LLP, New York (Dean G. Yuzek of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 10, 2025, which denied the motion of defendants Prime Rok Real Estate, LLC, and 626 Pelham Operating LLC for summary judgment on their first and third counterclaims, and granted plaintiff's cross-motion for summary judgment, unanimously modified, on the law, to deny plaintiff's cross-motion for summary judgment, and otherwise affirmed, without costs.

Supreme Court properly denied the appealing defendants' motion for summary judgment based on the doctrine of law of the case (LOTC). This Court's prior decision and order addressed and resolved the merits of the same claims defendants raise on the instant motion for summary judgment (see Apple Bank for Sav. v Prime Rok Real Estate, LLC, 228 AD3d 420, 421-422 [1st Dept 2024] [hereinafter Apple Bank I]). As defendants have not made a showing of new evidence or a change in the law, our prior determination forecloses re-examination of the same claims raised again on this appeal (see Massey v Byrne, 164 AD3d 416, 416-417 [1st Dept 2018]; see also Matter of Part 60 RMBS Put-Back Litig., 195 AD3d 40, 48 [1st Dept 2021] [LOTC "requires that the underlying legal determination on which preclusion is based was resolved on the merits"]).

However, Supreme Court improperly granted plaintiff's renewed motion for summary judgment. While plaintiff is correct that the Business Corporation Law did not require it to establish that its stockholders approved the sale before it could transfer the property (see Soho Gold v 33 Rector St., 227 AD2d 314, 315 [1st Dept 1996], lv denied 89 NY2d 806 [1997]), that is irrelevant here because the operative title report still required plaintiff to provide proof of such consent.

Moreover, "[s]uccessive motions for summary judgment should not be entertained without a showing of newly discovered evidence or other sufficient justification" (Jones v 636 Holding Corp., 73 AD3d 409, 409 [1st Dept 2010]). In support of the renewed motion for summary judgment, plaintiff presented an affirmation from Joseph DeCiutiis, a senior vice president at a title insurance company who represented that his company had determined that a secretary certificate of authority for the sale of the subject real property was "insurable authorization for the sale." While the DeCiutiis affirmation is dispositive of the issue of fact identified by this Court in Apple Bank I with respect to plaintiff's entitlement to summary judgment, plaintiff offers no reason why it could not have obtained a similar affirmation in support of its first summary judgment motion. Such evidence "was clearly available to [plaintiff] earlier, and thus should be rejected for failure to show due diligence in attempting to obtain the statement before the submission of the prior motion" (id. [internal quotation marks omitted]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026